# United States Bankruptcy Court
# District of Massachusetts
# Western Division

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| DARYL WITHROW, | ) | |
| | ) | Case No.  07-41243-HJB |
| Debtor | ) | |
| | ) | |

## AMENDED MEMORANDUM OF DECISION ON ORDER
## DENYING STAY PENDING APPEAL

Before the Court for determination is a "Motion to Stay Pending Appeal" (the "Stay Request"), filed by Attorney Francis Lafayette ("Attorney Lafayette"), seeking a stay pending appeal to the Bankruptcy Appellate Panel for the First Circuit (the "BAP") of this Court's order of July 3, 2008.  That order sanctioned Attorney Lafayette in the amount of $3,585.00 for violations of Rule 9011 and 11 U.S.C. §§ 707(b)(4)(C) and (D) and ordered that sum paid to the Chapter 7 trustee within thirty (30) days.

It is well settled that, upon request of an appellant, a court should grant a stay of an order subject to appeal if:

(1) there is a likelihood of success on the merits of the appeal;
(2) the moving party will suffer irreparable harm if a stay is not granted;
(3) the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and
(4) the public interest would not be adversely affected by the issuance of the stay.

In re Miraj, 201 B.R. 23, 26 (Bankr. D. Mass. 1996); In re Froment, 171 B.R. 170, 172 (Bankr. D. Mass. 1994); In re Pub. Serv. Co. of N.H., 116 B.R. 347, 348 (Bankr. D. N.H.

1990); In re Great Barrington Fair and Amusement, Inc., 53 B.R. 237, 239 (Bankr. D. Mass.

1985); see Equal Employment Opportunity Comm'n v. Astra USA, Inc., 94 F.3d 738, 742

(1st Cir. 1996).  Allowance of the motion requires the presence of each of the foregoing

factors, at least in some degree.  In re Miraj, 201 B.R. at 26.  Additionally, application by

the trial court of the first factor (likelihood of success on the merits of the appeal) is best

understood as a determination that the movant has a "substantial case" or a "strong case

on appeal."  Id. at 26-27.

Attorney Lafayette argues that this Court erred in essentially three respects.  First,

he claims that Rule 9011 does not govern an attorney's preparation of a debtor's schedules

and statements.  Second, he contends that §§ 707(b)(4)(C) and (D) are inapplicable here,

because he prepared the Debtor's schedules and statement of affairs whilst the Debtor was

in Chapter 13, not Chapter 7.  And third, he maintains that the reference in the July 3, 2008

order to §§ 707(b)(4)(C) and (D) violated due process because those sections of the

Bankruptcy Code were not referenced in the show cause order which was the predicate for

the evidentiary hearing.[1]  In this Court's view, none of those arguments presents a

substantial or strong case on appeal.

---

[1] The show cause order provided as follows in relevant part:

THE COURT . . . ORDERS ATTORNEY LAFAYETTE TO SHOW CAUSE, ON NOVEMBER
7, 2007 AT 2:00 P.M. IN SPRINGFIELD, WHY HE SHOULD NOT, PURSUANT TO FED. R.
BANKR. P. 9011(c)(1)(B), BE SANCTIONED ON ACCOUNT OF THE ALLEGED
MISREPRESENTATIONS, OMISSIONS AND ERRORS IN THE DEBTOR'S BANKRUPTCY
SCHEDULES, STATEMENT OF FINANCIAL AFFAIRS AND REBUTTAL OF
PRESUMPTION OF ABUSE.

As to Attorney Lafayette's first argument (that Rule 9011 does not apply), he conveniently has selected a subpart of Rule 9011 that is not here applicable.  Rule 9011(a) does indeed provide that an attorney need not sign a debtor's schedules, list or statement of affairs, but neither does it give an attorney license to allow a debtor to make statements in those documents which are knowingly false or have no reasonable basis.  Instead, Attorney Lafayette's violation of Rule 9011 emanated from its subject (b) which provides in relevant part:

**(b) Representations to the Court.**

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(emphasis supplied).

Nor is it of any moment that some of the complained of documents were filed while the Debtor was in Chapter 13, before conversion to Chapter 7.  Although §§ 707(b)(4)(C)

3

and (D) did not then apply, Rule 9011 most certainly did. And, as noted in this Court's Memorandum of Decision, §§ 707(b)(4)(C) and (D) parallel Rule 9011. It created no new standard. It simply codified and put an exclamation point on Rule 9011 in the preparation of certain documents. Furthermore, those documents were intended to serve as the answer to the Debtor's obligations under 11 U.S.C. § 521(a).

Finally, with respect to the merits of the appeal, this Court can find no due process violation. Attorney Lafayette was fully apprised of the factual underpinnings of the Chapter 7 trustee's claims and, in fact, requested the evidentiary hearing thereon. As Rule 9011 was, by itself, sufficient to support this Court's order of July 3, 2008 and §§707(b)(4)(C) and (D) are its twin, Attorney Lafayette can not seriously claim to have been surprised by the reference to the latter.

As for the second and third elements of the applicable standard for issuance of a stay pending appeal (risk of irreparable harm and a balancing of the harms), Attorney Lafayette has not shown that any risk of irreparable harm exists or that he would suffer a greater harm if the order is not stayed. Attorney Lafayette has been ordered to pay a sanction, inter alia, in order to deter future violations of Rule 9011 and §§707(b)(4)(C) and (D), and the payment has been directed to the Chapter 7 trustee, who is charged with safely maintaining the monies in accounts at banks approved by the United States trustee for Region 1. The funds can be counted upon to be in those accounts should this Court's order be reversed on appeal.

And, with respect to the final element (the public interest), Attorney Lafayette's argument that the public interest would be better served if the sanction order were stayed borders on the bizarre. The sanction was grounded on a hoped-for deterrence of Attorney

4

Lafayette's failure to properly represent his debtor clients.  It is hard to conceive how the public is better off if his payment of that sanction is deferred.

As set forth above, four elements must be shown in order to satisfy the standards for the issuance of a stay pending appeal.  All must be shown in some degree.  None has been shown here.  Accordingly, the Stay Request will be DENIED.  A separate order will issue.

DATED:      July 25, 2008

_____
Henry J.  Boroff
United States Bankruptcy Judge